ARMCO INC., Georgetown Steel Corp., and Raritan River Steel Co., Plaintiffs,

v.

UNITED STATES of America, Defendant,

and

Amalgamated Steel Mills, Berhad, Defendant–Intervenor.

Court No. 88–05–00381.

United States Court of International Trade.

May 12, 1989.

Wiley, Rein & Fielding, Charles O. Verrill, Jr., Alan M. Price, Washington, D.C., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, and Velta A. Melnbrencis, Washington, D.C., for defendant.

Wilkie, Farr & Gallagher, Christopher A. Dunn, Walter J. Spak, Washington, D.C., for defendant-intervenor.

## OPINION AND ORDER

MUSGRAVE, Judge.

### BACKGROUND

This consolidated action contests the final affirmative determination issued by the U.S. Department of Commerce ("Commerce") concerning carbon steel wire rod from Malaysia, 53 Fed.Reg. 13303 (April 1988), in which Commerce found that manufacturers, producers, or exporters of wire rod in Malaysia were receiving a bounty or grant under the Pioneer Status Program established by the government of Malaysia.

Commerce's determination with respect to the Pioneer Status Program was based upon Commerce's inability during the verification proceedings to examine certain documents that Commerce determined were necessary in order to determine whether the granting of "pioneer status" was provided to a specific enterprise or industry. *See,* 19 U.S.C. § 1677(5)(B) (1982). As Commerce stated in its final determination:

> During verification, we asked to review information explaining the reasons for granting or denying a company's request for Pioneer Status. The government of Malaysia denied us access to this information.
>
> \*     \*     \*     \*     \*     \*
>
> Because we were not able to review documents pertaining to the approval or rejection of applications for this program, we were unable to determine that the provision is non-specific. Therefore, we determine the program to be countervailable.

53 Fed.Reg. 13303 at 13305.

Defendant–Intervenor denies that the Malaysian government refused to provide documents requested by Commerce. Defendant–Intervenor admits that Commerce asked to see examples of the documents in question but states that Commerce was told by a government official that because the documents were confidential internal memoranda, the documents could not be disclosed "at this time" but that the official could attempt to obtain the documents if Commerce thought it was necessary. Defendant–Intervenor states that Commerce officials did not then, nor at any other time during the verification, request that special authorization be obtained for the release of the documents or indicate that the documents were necessary for the investigation.

Defendant–Intervenor now states that the administrative record is incomplete on the grounds that the record contains no documentation of the Malaysian govern-

ment's alleged refusal to provide the confidential information, and moves that it be allowed to depose the Commerce officials who conducted the verification as to the events surrounding the alleged request for and denial of certain information relating to the Pioneer Status Program.

## DISCUSSION

19 U.S.C. § 1516a(b)(1)(B) provides that the court shall hold unlawful any determination found to be "unsupported by substantial evidence on the record or otherwise not in accordance with law." The record for review is defined in the statute as

(i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding, including all governmental memoranda pertaining to the case and the record of ex parte meetings required to be kept by section 1677f(a)(3) of this title; and

(ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register.

19 U.S.C. § 1516a(b)(2)(A) (1982).

In *Public Power Council v. Johnson*, 674 F.2d 791 (9th Cir.1982), the court identified four situations in which discovery outside the administrative record might be permitted. First, where there is such a failure to explain the administrative action as to frustrate judicial review. *Id.* at 793. Second, when it appears that the agency has relied upon documents not included in the record. *Id.* at 794. Third, to permit an explanation or clarification of technical terms in the record. *Id.* And fourth, where there has been a showing of bad faith on the part of the agency. *Id.* at 795; *See also, Saha Thai Steel Pipe Co., Ltd. v. U.S.*, 11 CIT ——, 661 F.Supp. 1198 (1987).

Defendant–Intervenor cites *Asarco, Inc. v. U.S.E.P.A.*, 616 F.2d 1153 (9th Cir.1980) in which the court recognized that in limited circumstances the court could consider evidence outside the administrative record. The court stated that if a reviewing court finds it necessary to go outside the record it should consider evidence relevant to the substantive merits of the agency action only for background information or for the limited purpose of ascertaining whether the agency considered all the relevant factors or fully explicated its course of conduct or grounds of decision. *Id.* at 1160. The court went on to say, however, that *consideration of evidence to determine the correctness or wisdom of the agency's decision is not permitted. Id.* (Emphasis added.)

Defendant–Intervenor has not alleged bad faith on the part of Commerce; nor is defendant-intervenor attempting to explain or clarify any technical terms in the record. Further, the court finds that Commerce has not failed to explain its action in such a way as to frustrate judicial review. And finally, Commerce did not rely, in making its determination, on documents not included in the record.

Defendant–Intervenor claims that the administrative record is incomplete. But defendant-intervenor does not, and indeed cannot, point to any specific document that has been omitted from the record.[1] Instead, defendant-intervenor is, in effect, requesting that a document be created in order to supplement the existing record. As indicated earlier, defendant-intervenor argues that there is no evidence in the record to support Commerce's allegation that certain documents were not provided to it by the Malaysian government, and that for this reason there is insufficient evidence on the record to support Commerce's final affirmative determination. Defendant–Intervenor does not argue that there is documentary evidence which is being withheld from the record by Commerce. Thus, it is difficult to see the basis of defendant-intervenor's claim that the record, as defined by the statute, is incomplete.

---

1. Defendant–Intervenor states that "[t]he alleged request and denial apparently are not contained in any contemporaneous writing or otherwise recorded anywhere." (Defendant–Intervenor's memorandum in support of its motion to compel discovery at 21.)

Furthermore, the court finds that defendant-intervenor had ample opportunity to make its objection known before the closing of the administrative record. In its pre-hearing brief filed on March 30, 1988 defendant-intervenor did not note any objection to the account in the verification report of the meeting with the Malaysian government official regarding the Pioneer Status program, despite the fact that counsel for defendant-intervenor had attended the verification and had a copy of the verification report before filing its brief. During the March 31, 1988 public hearing the parties discussed the fact that certain documents were not presented to Commerce by the Malaysian government during verification. Counsel for defendant-intervenor did not, however, dispute the account in the verification report of the meeting with the Malaysian government officials concerning the pioneer status program. In fact, in response to a question regarding those documents, counsel for defendant-intervenor stated

> It was information specifically that the government had within its power *but could not release* because they were restrained by their laws ... They made every effort to provide *any other* information other than that specific rationale. P.R.Doc. 60 at 436 (emphasis added).

Defendant–Intervenor had an opportunity during the public hearing to contest the conclusions found in the verification report, but did not do so. It was not until about one week later, and ten days before the issuance of the final determination, that defendant-intervenor raised for the first time its arguments that the account in the verification report of the alleged request and denial of access to certain documents is not accurate.

In conclusion, the court finds that there is no basis for granting defendant-intervenor's motion to compel discovery. Congress has clearly defined the record subject to review and defendant-intervenor has not demonstrated a justification for supplementing the existing record. Defendant–Intervenor's motion is denied.

SO ORDERED.