MITSUI & CO. LTD. AND MITSUI & CO. (U.S.A.), INC., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 90–12–00633

(Dated October 15, 1991)

*Willkie, Farr & Gallagher,* (*Christopher Dunn* and *Daniel L. Porter*) for plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Velta A. Melnbrencis*) for defendant.

MUSGRAVE, *Judge*: Plaintiffs Mitsui et al. instituted this action under 19 U.S.C. § 1516a (1991) seeking judicial review of the final results of antidumping administrative reviews announced in Steel *Wire Strand For Prestressed Concrete From Japan; Final Results Of Antidumping Duty Administrative Review,* 55 Fed. Reg. 46,853 (November 7, 1990). Plaintiffs now move the Court to supplement the administrative record submitted by defendants with the following documents:

Letter dated April 24, 1979 to Mitsui from the U.S. Customs Service and the antidumping questionnaire attached to the letter;

Letter dated February 5, 1981 to Mitsui from the U.S. Department of Commerce, and the questionnaire attached to the letter;

Letter dated December 18, 1981 to Mitsui from the U.S. Department of Commerce, and the questionnaire attached to the letter;

Letter dated December 29, 1982 to Mitsui from the U.S. Department of Commerce, and the questionnaire attached to the letter;

Letter and questionnaire from the U.S. Department of Commerce seeking information for period December 1, 1982–November 30, 1983;

All transcripts and notes of the disclosure conference held in the underlying administrative proceeding.

Defendant consents to plaintiffs' motion with respect to the first four of the documents listed. It opposes the motion with respect to the last two request.

The record for review is defined by 19 U.S.C. § 1516a(b)(2) as

(i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding, including all governmental memoranda pertaining to the case and the record of ex parte meetings required to be kept by section 1677f(a)(3) of this title; and

(ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register.

Defendant states that it has been unable to locate a copy of the letter and questionnaire seeking information for the period of December 1, 1982–November 30, 1983, and therefore cannot determine whether the document should be a part of the administrative record. *Defendants' Partial Opposition To Plaintiffs' Motion To Clarify And Supplement The Administrative Record*, at 2. Plaintiffs have also been unable to locate the letter. *Plaintiffs' Motion To Clarify And Supplement The Administrative Record*, n.3 at 5. The Court concludes that the letter is within the ambit of "information presented to or obtained by the administering authority" and thus should properly be included in the administrative record.

Defendant vigorously opposes adding transcripts and notes of the disclosure conference to the administrative record, arguing that plaintiffs are seeking to require Commerce to create documents for the administrative record. Defendant maintains that a disclosure conference is simply an informal meeting, not held to obtain factual information, and that no statute or regulation requires Commerce to prepare a transcript of the hearing. Therefore, no court reporter is present, and Commerce does not record or tape the discussions at the conference. *Defendants' Partial Opposition*, at 4.

Plaintiffs do not allege that notes or records were kept of the conference, but state that "The resolution of the dispute between Mitsui's account of the facts and the account by the Commerce Department will be enhanced *if* the Department has notes or records of the disclosure conference" (emphasis added). *Plaintiffs' Motion To Supplement*, at 9. No "transcript or record" within the meaning of 19 U.S.C. § 1516a(b)(2)(A)(ii) was kept.

As plaintiffs concede, the disclosure conference was held in order for Commerce to explain its calculation methodology in making its preliminary determination. Plaintiffs seek the "transcripts and notes" to help prove that they first learned at the disclosure conference of deficiencies in its response and do not allege that information was presented to Commerce at the conference, or that Commerce used the conference to obtain information. Plaintiffs thus do not seek "information presented to or obtained by" Commerce under § 1516a(b)(2)(A)(ii). The Court concludes that the notes which plaintiffs seek are not a part of the record for review. Discovery outside the administrative record is allowed in four situations. First, when there is such a failure to explain the administrative action as to frustrate judicial review. Second, when it appears that

the agency has relied upon documents not included in the record. Third, to permit an explanation or clarification of technical terms in the record. Lastly, where there has been a showing of bad faith on the part of the agency. *Armco Inc. v. United States*, 13 CIT 387, 712 F. Supp. 214, 216 (1989). Plaintiffs do not allege that any of these situations exist here, and plaintiffs' request to supplement the administrative record with notes that are not within the scope of § 1516a(b)(2) is therefore denied.

Accordingly, Commerce is ordered to transmit to the Court the following documents which shall become a part of the administrative record: letter dated April 24, 1979 to Mitsui from the U.S. Customs Service and the antidumping questionnaire attached to the letter; letter dated February 5, 1981 to Mitsui from the U.S. Department of Commerce, and the questionnaire attached to the letter; letter dated December 18, 1981 to Mitsui from the U.S. Department of Commerce, and the questionnaire attached to the letter; letter dated December 29, 1982 to Mitsui from the U.S. Department of Commerce, and the questionnaire attached to the letter; letter and questionnaire from the U.S. Department of Commerce seeking information for period December 1, 1892–November 30, 1983.